BOLTING (SCHULZE v.). See Case No. 12,-489.

---

## Case No. 1,613.

Ex parte BOLTON et al.

[1 Ala. Law J. 58.]

[Also reported in 11 Fed. 217.]

---

## Case No. 1,614.

In re BOLTON.

[2 Ben. 189;[1] 1 N. B. R. 370 (Quarto, 83); 1 Am. Law T. Rep. Bankr. 120.]

District Court, S. D. New York. March Term, 1868.

BANKRUPTCY — SECURED CREDITOR — PROOF OF CLAIM FOR OVERPLUS—SELECTION OF ASSIGNEE.

A creditor, who has a security for his debt, may prove his claim for the overplus, without abandoning the security, but must set forth the value of the security, and may vote, on the choice of an assignee, upon such overplus.

In bankruptcy. In this case [Henry C. Bolton] the bankrupt and creditors requested the register to certify a question as to the rights of a creditor who held a security for part of his claim. The register held, that a creditor having security may prove his claim, to the amount exceeding the value of the security, without abandoning it, but that he was bound to set forth the value of the security; and that he might vote as a creditor in respect of the overplus proven by him, in the choice of an assignee.

[The following is the certificate and opinion of the register in full:]

[I, Edgar Ketchum, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings, in said cause before me, the following question arose, pertinent to said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Mr. E. Y. Bell, who appeared for the bankrupt, and Mr. W. W. Wiltbank, who appeared for certain creditors of the said bankrupt: "It is controverted by the counsel for the bankrupt, but on the part of counsel for certain creditors it is claimed, that a creditor having a pledge of personal property, given to him by the bankrupt and a third person in the course of their business as copartners, co-trading, or a lien thereon for securing the payment of a debt owing to said creditor from the said bankrupt, should be admitted at a meeting of the creditors of the debtor to prove their debts and choose one or more assignees of his estate, held at a court of bankruptcy, in accordance with the provisions of the 11th and other sections of the act of congress, March 2, 1867 (14 Stat. 522), to prove his whole debt without, by so doing,

abandoning his security, losing his lien thereon, or forfeiting his right to the same." I am of opinion that the creditor having security may prove his claim to the amount exceeding the value thereof, without abandoning the same. But I think the creditor is bound to set forth the value of his security, and that he may vote as a creditor, in respect to the overplus proven by him, upon the choice of assignee. Edgar Ketchum, Register.][2]

BLATCHFORD, District Judge. The view of the register is correct.

---

## Case No. 1,615.

BOLTON v. The BUENA VISTA.

[See Case No. 2,105.]

---

BOLTON (UNITED STATES v.). See Case No. 14,623.

---

## Case No. 1,616.

BOLTON v. WHITE.

[2 Cranch, C. C. 426.][1]

Circuit Court, District of Columbia. Oct. Term, 1823.

ATTACHMENT—AFFIDAVIT—AUTHENTICATION.

An affidavit made before a judge of one of the state courts, in order to obtain an attachment under the Maryland act of 1795, c. 56, is not good evidence for that purpose, "unless there be thereto annexed a certificate of the clerk of the court of which he is a judge, or a certificate of the governor, chief magistrate, or notary-public of such state, that the said judge hath authority to administer such oath."

This was an attachment under the act of Maryland of 1795, c. 56.

Mr. Marbury moved the court to quash the attachment, because the affidavit made to obtain the attachment was made before a judge of the state of New York, and the notary-public who had certified the judge had not certified that he had authority to administer the oath according to the second section of the act of 1795.

THE COURT, at first, doubted whether Mr. Marbury could be heard, as he did not appear for any party in the cause; and requested him to ascertain what had been the practice in the courts of Maryland.

He afterwards produced the case of Campbell v. Morris, 3 Har. & McH. 535; and the court permitted him to make the suggestion, and quashed the attachment.

---

BOMFORD (BANK OF UNITED STATES v.). See Case No. 909.

BOMFORD (ERIKO v.). See Case No. 4,517.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Am. Law T. Rep. Bankr. 120, contains only a partial report.]

[2] [From 1 N. B. R. 370 (Quarto. 83).]

[1] [Reported by Hon. William Cranch, Chief Judge.]